UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARBANS SINGH,

                Petitioner,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR,

                Respondent.

Case No. 2:24-cv-00705-RSL-TLF

ORDER DIRECTING SUPPLEMENTAL BRIEFING

        Petitioner Harbans Sigh is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. Dkt. 1. Construed liberally, the Court understands petitioner to allege that there is no reasonable likelihood that his deportation will be effectuated in the reasonably foreseeable future and his continued detention violates 8 U.S.C. § 1231(a)(6) and his due process rights. *Id*.

        The Government has filed a return memorandum and motion to dismiss arguing that petitioner is properly detained under 8 U.S.C. § 1231(a)(6) and the due process clause. Dkt. 6. Petitioner has filed a response opposing the Government's motion to dismiss. Dkt. 10. The parties have also provided status reports pursuant to this Court's order that they do so. Dkts. 14, 15, 16.

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 1

Upon review of the Government's motion and the relevant record the Court has determined it requires additional information to properly address the Government's motion and the petition.

The Government argues that petitioner is properly detained under 8 U.S.C. § 1231(a)(6) which provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

From what the Court can discern, the record shows petitioner was found removable under section 1227(a)(1)(B)  - not that he has been found removable under sections 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), or inadmissible under section 1182 as provided in 1236(a) as a basis for continued detention beyond the removal period. *See* Dkt. 6 at pp. 4; Dkt. 8 at ¶ 8, ¶ 9 (indicating petitioner was served a Notice to Appear ("NTA") charging him as removable under section 237(a)(1)(B) of the Immigration and Nationality Act (INA) -- codified as 8 U.S.C. § 1227(a)(1)(B) – and that petitioner's attorney conceded all of the allegations and charges in the NTA). The Government also does not directly argue or point to evidence that petitioner's continued detention under 1231(a)(6) is based on a determination by the Attorney General that he is "a risk to the community or unlikely to comply with the order of removal."[1]

---

[1] The Court notes that there is some mention of a prior bond hearing in the supporting declaration but there is no copy of the immigration judge's (IJ's) written decision nor is that hearing or decision referenced in the Government's motion to dismiss. *See* Dkt. 6, Dkt. 8 at  ¶ 12.

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 2

Petitioner also appears to allege that the fact that he has filed an application for a U-Visa that is still pending means it is unlikely he will be removed in the reasonably foreseeable future. Dkt. 1 at 7. Respondent did not address this allegation in its motion to dismiss.

Accordingly, the Court hereby ORDERS:

(1) On or before **October 23, 2024**, the Government is directed to submit additional briefing and any supporting relevant evidence clarifying the statutory grounds for petitioner's continued detention under 8 U.S.C. § 1231(a)(6) and addressing petitioner's allegation that his pending U-Visa application makes it unlikely he will be removed in the reasonably foreseeable future. The Government should also provide any relevant updated information regarding efforts to effect petitioner's removal.

(2) Petitioner may file a response to the additional briefing on or before **November 6, 2024**.

(3) The Clerk is directed to re-note the Government's motion to dismiss (Dkt. 6) to **November 6, 2024**.

(4) The Clerk shall provide a copy of this order to petitioner and counsel for respondent.

Dated this 10th day of October, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 3

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 4